## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORA MICAH, individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>AMERICAN FINANCIAL RESOURCES, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 22-1757 (MCA)(JSA) |
| MATTHEW STUART, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>AMERICAN FINANCIAL RESOURCES, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 22-1878 (SDW)(AME)<br><br>**STIPULATION AND ORDER** |
| DOROTHY ZELENSKI, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　　vs.<br><br>AMERICAN FINANCIAL RESOURCES, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 22-2392 (MCA)(JSA) |
| ANTHONY A. OLIVA, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>vs.<br><br>AMERICAN FINANCIAL RESOURCES, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 22-2642 (MCA)(JSA) |

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the below referenced parties stipulate and represent as follows:

WHEREAS, on March 29, 2022 Dora Micah filed a putative class action complaint against American Financial Resources, Inc. ("Defendant" or "AFR"), asserting claims related to a data security incident that occurred at AFR between December 6, 2021 through December 20, 2021;

WHEREAS, between April 1 and May 5, 222, Matthew Stuart, Dorothy Zelenski, and Anthony A. Oliva filed three separate putative class action lawsuits, respectively, emanating from the same nucleus of operative facts;

WHEREAS, on May 12, 2022, Plaintiffs submitted a letter application and proposed order in each of the four cases seeking consolidation in the above-referenced actions and appointing interim lead counsel;

WHEREAS, on May 13, 2022, Defendant submitted a letter to the Court in each of the above-referenced cases expressing its agreement with Plaintiffs that the cases should be consolidated, but taking no position on the appointment of Interim Counsel (Defendant still takes no position, but consents to the appointment in accordance with Plaintiffs' previous request and as set forth in this Stipulation and Order);

WHEREAS, at the time of entering this Stipulation and Consent Order, the Court has not ruled on Plaintiffs' application;

WHEREAS, Defendant currently has deadlines to respond to the Micah, Stuart, and Zelenski complaints of June 13, June 15, and July 5, 2022, although Plaintiffs and Defendant (collectively, "the Parties") agree that once the cases are consolidated, Plaintiffs intend to file a consolidated complaint, which would obviate the need for Defendant to respond to separate complaints;

WHEREAS, to streamline the consolidation process, the Parties have met and conferred, and agree to consolidation in accordance with Plaintiffs' proposed order, as well as an appropriate schedule;

NOW THEREFORE, the Parties through their respective counsel and subject to the Court's approval hereby stipulate and agree that:

### Consolidation

1. Pursuant Fed. R. Civ. P. 42(a), the Actions, *Micah v. American Financial Resources, Inc.*, Civil Action No. 22-1757 (MCA)(JSA), *Stuart v. American Financial Resources, Inc.*, Civil Action No. 22-1878 (SDW)(AME), *Zelenski v. American Financial Resources, Inc.*, Civil Action No. 22-2392 (MCA)(JSA), and *Oliva v. American Financial Resources, Inc.*, Civil Action No. 22-2642 (MCA)(JSA), are hereby consolidated for all purposes.

2. The Clerk shall establish a Docket for the Actions under Civil Action No. 22-1757 (MCA)(JSA). All papers filed in the Actions shall be filed on the Docket and shall bear the caption:

| *In re: American Financial Resources, Inc. Data Breach Litigation* | Civil Action No. 22-1757 (MCA) (JSA) |
|---|---|

3. Any actions related to the Actions that are subsequently filed in or transferred to this District, or to be filed or transferred, shall be consolidated herewith.

### Appointment of Interim Putative Class Counsel

4. James E. Cecchi of Carella Byrne Cecchi Olstein Brody & Agnello, P.C. ("Carella Byrne") and Stuart Davidson of Robbins Geller Rudman & Dowd LLP ("RGRD") are hereby appointed as Co-Lead Interim Putative Class Counsel on behalf of Plaintiffs.

5. Melissa R, Emert of Kantrowitz, Goldhamer & Graifman, P.C. ("KGG"); Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"); Terence R. Coates of

Markovits, Stock & DeMarco, LLC ("MSD"); and Joseph M. Lyon of The Lyon Firm, LLC ("LF") are hereby appointed as Proposed Interim Putative Class Counsel on behalf of Plaintiffs.

6. In their capacity as Co-Lead Interim Putative Class Counsel, Mr. Cecchi and Mr. Davidson, shall coordinate Plaintiffs' pretrial activities and shall:

  a. Determine (after such consultation with the Interim Counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and Defendants the position of Plaintiffs on all matters arising during pretrial proceedings;

  b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of master interrogatories and master requests for production of documents and coordinate the examination of witnesses in depositions;

  c. Coordinate discovery efforts with other plaintiffs' counsel to ensure that discovery is conducted in an efficient, orderly, and non-duplicative manner;

  d. Conduct and coordinate settlement negotiations;

  e. Delegate specific tasks to other counsel or committees of counsel, as authorized by the Court, in a manner to ensure that pretrial preparation is conducted efficiently and effectively;

  f. Enter into stipulations with opposing counsel (after such consultation with other members of the Interim Lead Counsel and/or other plaintiffs' counsel as may be appropriate) as necessary for the conduct of the litigation;

  g. Prepare and distribute periodic status reports to the parties;

  h. Maintain adequate time and disbursement records covering services for all Plaintiffs' counsel;

  i. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

  j. Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court; and

  k. Appoint additional committees, as necessary, including but not limited to expert, discovery, trial, and settlement committees.

7. Mr. Cecchi shall also:

    a. Serve as an intermediary between Plaintiffs' counsel and the Court;

    b. Prepare agendas for court conferences and periodically report regarding the status of the case;

    c. Maintain and distribute to co-counsel an up-to-date service list;

    d. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

    e. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository; and

    f. Carry out other such duties as the Court may order.

**Filing of Consolidated Complaint, Deadlines for Responding, and Adjournment of Current Deadlines**

8. Plaintiffs shall file a Consolidated Complaint no later than thirty (30) days following the entry of this Stipulation and Order or another order for consolidation and/or appointing Interim Putative Class Counsel or other designated counsel.

9. Defendant shall answer or move in response to the Consolidated Complaint on or before forty-five (45) days after the filing of the Consolidated Complaint.

10. Should Defendant file a motion to dismiss the Consolidated Complaint under Rule 12, any opposition to the motion to dismiss shall be filed and served within forty-five (45) days of the filing of the motion to dismiss;

11. Any reply brief to a motion to dismiss the Consolidated Complaint shall be filed and served within thirty (30) days of the opposition;

12. All deadlines relating to the Plaintiffs' individual complaints in the above-referenced actions, including the current deadlines in *Micah*, *Stuart*, and *Oliva*, shall be adjourned *sine die* and superseded by the deadlines set forth herein;

13. Plaintiffs agree that by Defendant entering into this Stipulation and Consent Order, including any action taken in conformance with its terms, Defendant has not waived or acted in any way inconsistent with any right, remedy, defense, objection, or legal argument (including, for the sake of clarification and without limitation, those related to service of process or personal jurisdiction).

**IT IS SO STIPULATED.**

Dated: June 8, 2022

/s/ James E. Cecchi
James E. Cecchi
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Tel.: 973-994-1700
jcecchi@carellabyrne.com
*Counsel for Plaintiff Anthony A. Oliva*

/s/Victoria Maniatis
Victoria Maniatis
**MILBERG COLEMAN BRYSON PHILLIPS**
**GROSSMAN, PLLC**
100 Garden City Plaza,
Suite 500
Garden City, NY 11530
Tel.: 516-741-5600
VManiatis@thesandersfirm.com
*Counsel for Plaintiff Doris Micah*

/s/Joseph d. Monaco
Joseph D. Monaco, III
**LAW OFFICES OF JOSEPH D. MONACO, P.C.**
7 Penn Plaza - Suite 1606
New York, New York 10001
Tel: 212-486-4244
jmonaco@monaco-law.com
*Counsel for Plaintiff Matthew Stuart*

/s/Gary S. Graifman

/s/ Eric R. Fish
Eric R. Fish
**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, NY 10111
Tel.: (212) 589-4647
efish@bakerlaw.com

**Counsel for Defendant**

Gary S. Graifman
**KANTROWITZ, GOLDHAMER,
& GRAIFMAN, P.C.**
135 Chestnut Ridge Road, Suite 200
Montvale, NJ 07645
Tel: 845-356-2570
ggraifman@kgglaw.com
*Counsel for Plaintiff Dorothy Zelenski*

**Counsel for Plaintiffs**

**SO ORDERED** this  10th   day of June, 2022**:**

 *s/ Jessica S. Allen*
JESSICA S. ALLEN, U.S.M.J.