UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: AMERICAN FINANCIAL RESOURCES, INC. DATA BREACH LITIGATION | Civil Action No. 22-1757 (MCA) (JSA)<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

WHEREAS, this matter having come before the Court by way of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement Between Plaintiffs and American Financial Resources, Inc. ("AFR") and Preliminary Certification of the Settlement Class (as defined below) ("Motion");

WHEREAS, on May 21, 2024, Plaintiffs, individually and on behalf of the putative Settlement Class, and AFR entered into a Settlement Agreement ("Settlement"), which, if finally approved by the Court, will result in the settlement of all claims asserted against AFR in the above-captioned action ("Action");

WHEREAS, in full and final settlement of the claims asserted against AFR, AFR agrees to pay $2,500,000 for a non-reversionary common fund, and up to an additional $1,000,000 for the payment of claims based on out-of-pocket losses, to resolve all claims arising from the cybersecurity incident in December 2021 announced by AFR in the letter sent to Settlement Class Members (as defined below) in on or around March 2022 (the "Incident"), plus administrative expenses and Plaintiffs' counsel fees to be awarded by the Court;

WHEREAS, Plaintiffs have moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the Settlement Agreement, which sets forth the terms and conditions of the Settlement with AFR;

1

WHEREAS, Plaintiffs have further moved for this Court's: (a) certification of the Settlement Class for settlement purposes only pursuant to ¶6.1 of the Settlement Agreement; (b) preliminary approval of the Settlement as set forth herein; (c) appointment of Interim Co-Lead and Class Counsel as Settlement Class Counsel; (d) appointment of Plaintiffs as Settlement Class Representatives; (e) approval of the Short Form Notice to be emailed, or mailed where no email is available, to Settlement Class Members in a form substantially similar to the one attached as Exhibit B to the Settlement Agreement; (f) approval of the Long Form Notice to be posted on the Settlement Website in a form substantially similar to the one attached as Exhibit C to the Settlement Agreement, which, together with the Short Form Notice, shall include a fair summary of the Parties' respective positions, statements that the Settlement Class Members are entitled to benefits under the Settlement, the general terms of the Settlement set forth in the Settlement Agreement, instructions for how to object to or opt-out of the Settlement, instructions for making Claims to the extent contemplated herein, and the date, time, and place of the Final Fairness Hearing; (g) approval of the Claim Form to be used by Settlement Class Members to make a Claim in a form substantially similar to the one attached as Exhibit A to the Settlement Agreement; and (h) appointment of Epiq Global as the Settlement Administrator.

WHEREAS, Plaintiffs and AFR have agreed to the entry of this Order (the "Order");

WHEREAS, all terms with initial capitalization used in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein; and

WHEREAS, the Court has considered the Settlement Agreement and the other documents submitted by the Parties in connection with Plaintiffs' Motion, and good cause appearing therefor:

IT IS THIS ____ day of May, 2024

ORDERED as follows:

## I. Preliminary Approval of the Settlement

1. Upon review of the record, the Court finds that the Settlement Agreement resulted from arm's-length negotiations between highly experienced counsel and falls within the range of possible approval. Therefore, the Settlement Agreement is hereby preliminarily approved, subject to further consideration thereof at the Final Fairness Hearing described below. The Court preliminarily finds that the Settlement set forth in the Settlement Agreement raises no obvious reasons to doubt its fairness and raises a reasonable basis for presuming that it satisfies the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process so that notice of the Settlement should be given as provided in this Order.

2. At or after the Final Fairness Hearing, the Court shall determine, among other matters, whether the Settlement warrants final approval.

## II. Provisional Certification of the Settlement Class

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purpose of effectuating the Settlement, this Court provisionally certifies a settlement class defined as "all persons whose Personally Identifiable Information ("PII") was maintained on AFR's system that was allegedly accessed during the Incident in December 2021, and who were sent a notice of the Incident in or around March 2022." The following entities and individuals are excluded from the definition of "Settlement Class Members":

   a. AFR and its respective officers and directors;

   b. All Settlement Class Members who timely and validly request exclusion from the Settlement Class;

   c. the Judge and/or Magistrate assigned to evaluate the fairness of this Settlement; and

   d. any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Incident or who pleads *nolo contender* to any such charge.

3

The provisional certification of the Settlement Class shall be vacated if the Settlement is terminated or not approved by the Court.

4. Solely for purposes of effectuating the proposed Settlement, the Court preliminarily finds that the prerequisites for class action certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members are adequately represented by Plaintiffs and Interim Co-Lead and Class Counsel; (e) the issues common to Settlement Class Members predominate over any individualized issues; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These preliminary findings shall be vacated if the Settlement is terminated or not approved by the Court.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of effectuating the Settlement, Plaintiffs Dora Micah, Sharon Styles, Matthew Stuart, and Anthony A. Olivia, Ph.D. are appointed as class representatives for the Settlement Class and Interim Co-Lead and Class Counsel are appointed as class counsel for the Settlement Class. These designations shall be vacated if the Settlement is terminated or not approved by the Court.

### III. Notice to the Settlement Class

6. The Court approves the appointment of Epiq Global as Settlement Administrator for the Settlement.

7. The Court finds the proposed Long Form Notice, the proposed Short Form Notice, and the proposed methods of dissemination thereof, as set forth herein, satisfy the requirements under Rule 23 of the Federal Rules of Civil Procedure and due process, and therefore are approved.

8. Within fourteen (14) days after entry of an order directing class notice, Defendant will provide to the Settlement Administrator a class list that includes the Settlement Class Members' full names and known mailing addresses and, to the extent practicable, email addresses.

9. The Settlement Administrator shall cause the Short Form Notice, substantially in the form attached as Exhibit B to the Settlement Agreement, to be disseminated no later than forty-five (45) calendar days following the date of the entry of this Order (the "Notice Date") via email, or via first class mail, postage prepaid where no email address is available, to each potential Settlement Class Member who is readily and reasonably identified.

10. On or before the Notice Date, the Settlement Administrator shall create a website for the Settlement (the "Settlement Website") and establish a settlement-specific toll-free telephone number.

11. The Settlement Administrator shall cause the Long Form Notice and Claim Form to be posted on the Settlement Website as soon as practicable after the Notice Date.

12. On or before the Notice Date, the Settlement Administrator shall establish a post office box where Settlement Class Members can send completed Claim Forms, requests for exclusion, and other correspondence relating to the Settlement.

## IV.   Schedule and Procedure for Requesting Exclusion and Submitting Objections

13. The deadline for Settlement Class Members to request exclusion from the Settlement Class shall be twenty-one (21) days prior to the Final Fairness Hearing.

14. As set forth in the Notice, in order to request exclusion, a Settlement Class Member must mail a written request to the following address:

Epiq Global
*Settlement Administrator*
PO Box 4418
Portland, OR 97208-4418

5

15. The written request for exclusion must include the following information: (i) a statement indicating the Settlement Class Member's desire to be excluded from the Settlement Class in *In re American Financial Resources, Inc. Data Breach Litigation*, No. 2:22-cv-01757 (MCA) (JSA) (D.N.J.); and (ii) the Settlement Class Member's full name, address, telephone number, and personal signature.

16. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above or the request for exclusion is otherwise accepted by the Court. Persons or entities that request exclusion from the Settlement Class shall not be entitled to share in the benefits of the Settlement, nor be bound by any judgment whether favorable or adverse.

17. The Settlement Administrator shall keep track of any and all requests for exclusion.

18. On or before seven (7) days after the Opt-Out Date, the Settlement Administrator shall provide to Co-Lead Counsel and AFR's Counsel a complete list of all timely and valid requests for exclusion.

19. Prior to the Final Fairness Hearing, the Settlement Administrator shall provide a sworn declaration that: (i) attests to implementation of the Notice Plan in accordance with the Preliminary Approval Order; and (ii) identifies each Settlement Class Member who timely and properly provided written notification of exclusion from the Settlement Class.

20. Settlement Class Members who wish to object or otherwise be heard with respect to the Settlement, and to appear in person at the Final Fairness Hearing, must submit a timely written objection within twenty-one (21) days prior to the Final Fairness Hearing. The objection must include: (i) the case caption, *In re American Financial Resources, Inc. Data Breach Litigation*, No. 2:22-cv-01757 (MCA) (JSA) (D.N.J.); (ii) the objector's full name, current address,

telephone number, and email address; (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) the identity of all class action cases in which the objector or his or her counsel has objected; (vii) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (viii) the objector's signature.

21.     Any objections to the Settlement must be sent to:

James E. Cecchi
CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.
5 Becker Farm Rd.
Roseland, NJ 07068

Stuart A. Davidson
ROBBINS GELLER RUDMAN
& DOWD LLP
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432

*Co-Lead Counsel*

Eric R. Fish
BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
*Attorneys for AFR*

22.     The objector or his or her counsel may also file their objection with the Court through the Court's ECF system, with service on Co-Lead Counsel and AFR's Counsel, to be

made through the ECF system. For all objections mailed to Co-Lead Counsel and AFR's Counsel, Co-Lead Counsel will file them with the Court as an exhibit to Plaintiffs' motion for final approval.

23. Any Settlement Class Member who does not make their objection in the manner provided above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action..

## V. Schedule and Manner for Submitting Claim Forms

24. Settlement Class Members who wish to participate in the Settlement and be eligible to receive a payment must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed) or received (if submitted online) no later than sixty (60) days after the Notice Date.

25. Each Claim Form submitted must contain the information set forth in the Claim Form to receive any benefits from the Settlement.

26. Any eligible Settlement Class Member that does not timely and validly submit a Claim Form or whose claim is not otherwise approved by the Court shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth in the Settlement Agreement, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Judgment.

## VI. The Court's Final Approval Schedule and Final Fairness Hearing Date

27. All briefs and materials in support of Interim Co-Lead and Class Counsel's fee and expense application, and any application for Service Awards to Plaintiffs, shall be filed with the Court no later than thirty-five (35) days prior to the Final Fairness Hearing. The applications described in this paragraph shall promptly be posted on the Settlement Website, and shall be considered as separate and apart from the Court's consideration of the fairness, reasonableness,

and adequacy of the Settlement. All briefs and materials in support of final approval of the Settlement also shall be filed with the Court no later than thirty-five (35) days prior to the Final Fairness Hearing.

28. A hearing on final approval of the Settlement ("Final Fairness Hearing") shall be held before this Court on October 2, 2024 at 3:00 p.m. in the Courtroom assigned to the Honorable Madeline Cox Arleo, U.S.D.J., at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102. At the Final Fairness Hearing, the Court will, among other things, consider:

    a. final certification of the Settlement Class for purposes of effectuating the Settlement with AFR;

    b. the fairness, reasonableness and adequacy of the Settlement with AFR and whether the Settlement should be finally approved and consummated according to its terms;

    c. whether notice of the Settlement constitutes due, adequate and sufficient notice of the Settlement meeting the requirements of due process and the Federal Rules of Civil Procedure; and

    d. whether the Action shall be dismissed with prejudice;

29. The Final Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Interim Co-Lead Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting conspicuous notice on the Settlement Website.

30. In the event that the Settlement does not become final, then, subject to approval of the Court, litigation of the Action against AFR will resume in a reasonable manner to be approved by the Court upon joint application by the Parties.

31. If the Court does not grant final approval of the Settlement or the Settlement is terminated in accordance with the applicable provisions of the Settlement Agreement, the Settlement shall be deemed null and void and shall have no further force and effect, and neither the Settlement nor the negotiations leading to it shall be used or referred to by any person or entity in this or in any other action or proceeding for any purpose.

32. Neither this Order nor the Settlement Agreement nor any Settlement-related document nor any proceeding undertaken in accordance with the terms set forth in the Settlement Agreement or in any other Settlement-related documents, shall constitute, be construed as or be deemed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Released Parties, or likewise, constitute, be construed as or be deemed to be an admission or evidence of or presumption against Plaintiffs or any other Settlement Class Member that any of their claims are without merit.

**IT IS SO ORDERED.**

Dated: June 5-24

HON. MADELINE COX ARLEO, U.S.D.J.