UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————————

IN RE AMERICAN FINANCIAL                    CIVIL ACTION NUMBER

RESOURCES, INC., DATA BREACH            2:22-cv-01757-MCA-JSA

LITIGATION                                         SETTLEMENT

————————————————————————

MARTIN LUTHER KING BUILDING & U.S. COURTHOUSE
50 Walnut Street
Newark, New Jersey  07101
October 2, 2024
Commencing at 3:23 p.m.


**B E F O R E:    THE HONORABLE MADELINE COX ARLEO,**
**UNITED STATES DISTRICT JUDGE,**


A P P E A R A N C E S:

CARELLA BYRNE CECCHI BRODY & AGNELLO P.C.
BY:  KEVIN COOPER, ESQUIRE
5 Becker Farm Road
Roseland, New Jersey 07068
For the Plaintiff

BAKER HOSTETLER LLP
BY:  ERIC R. FISH, ESQUIRE
45 Rockefeller Plaza
New York, New York 10111
For the Defendant

Diane DiTizii, Official Court Reporter
973-776-7738
diane_ditizii@njd.uscourts.gov

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription.

1    (PROCEEDINGS held in open court before the Honorable MADELINE

2    COX ARLEO, United States District Court Judge at 3:23 p.m.)

3              COURTROOM DEPUTY:  All rise.

4              THE COURT:  Hello, everyone.  We're here to approve a

5    settlement -- final approval of a settlement for part of a data

6    breach case.  In Re American Financial Resources versus Data

7    Breach Litigation.

8              Could I have appearances, please?

9              MR. COOPER:  Good afternoon, your Honor.  Kevin

10   Cooper from Carella Byrne on behalf of the plaintiffs.

11             THE COURT:  Okay.

12             MR. FISH:  Good afternoon, your Honor.  Eric Fish,

13   Baker Hostetler, on behalf of defendant American Financial

14   Resources.

15             THE COURT:  All right.  Have a seat, guys.

16             I just have a couple of quick questions for you.  I

17   did receive from plaintiff's counsel, AFR, a number of

18   documents, a notice of motion for final approval of a class

19   action settlement, a final certification of the settlement

20   class, notice of motion for award of attorney's fees in

21   connection with the same class action, and I also have a cover

22   letter dated September 25th from the Carella Byrne firm in

23   connection with the orders that need to be signed to finalize

24   the settlement that I had preliminarily approved previously.

25             All right.  A couple of questions, and I guess

```
1    they're directed to Mr. Cooper, that is I understand that the
2    settlement has two components:  The $2.5 million for claims and
3    then a 1.1 -- another million dollars set aside for
4    out-of-pocket expenses.
5              MR. COOPER:  That's correct, your Honor.
6              There's also a component for data monitoring --
7              THE COURT:  Okay.
8              MR. COOPER:  -- which claimants can elect to receive
9    on it.  It has a 1-million dollar insurance policy for fraud
10   attached to that data monitoring product.
11             Also, one of the unique aspects of the settlement is
12   that the defendant has taken on the cost of notice and
13   administration here.  So it's not coming out of the Common
14   Benefit Fund.
15             They are also removing and restricting the access to
16   some -- access to the PII on its systems to extent allowable by
17   state and federal law so future data breaches can be avoided.
18             THE COURT:  Let me ask you about how it works.  There
19   are roughly 215,000 consumers affected or just litigants
20   affected by this data breach or class members, I guess would be
21   the right word, right?
22             MR. COOPER:  Yes, your Honor.  And that consists of
23   former and current consumers and defendant employees of
24   defendant.
25             THE COURT:  And you sent notice out.  You got, like,
```

1    97 percent notice out either by email or by direct mail because

2    you had the addresses, and you got a response class of 1,367

3    class members, right?

4              MR. COOPER:  1,300 -- the latest I have it has 377.

5    I think there might be one more added.

6              THE COURT:  So say roughly 1400.  Okay.

7              So out of that 2.5 million, you're requesting a fee

8    of 850?

9              MR. COOPER:  825, I believe, your Honor.

10             THE COURT:  825, your Honor.  And that's approved by

11   both firms and that's well below the lodestar, if I can accept

12   the rates and the hours for all those firms, right?  It's like

13   a third of what the lodestar shows.

14             MR. COOPER:  That's correct, your Honor.

15             THE COURT:  So what else comes out of that 2.5

16   million?

17             MR. COOPER:  So out of the 2.5 million, the 825 comes

18   out; the expenses of $2,952.98 comes out; the plaintiff's

19   incentive awards, which we are requesting 70,000 in total

20   between all the named plaintiffs -- sorry, 30,000 in total.

21             THE COURT:  I would say just roughly, that's about a

22   million dollars, right?

23             MR. COOPER:  I calculated the pro rata amount for

24   you, your Honor --

25             THE COURT:  Okay.  Tell me.

1          MR. COOPER:  -- and it's over a thousand dollars per

2    claimant.  It comes out to -- the net settlement fund comes out

3    to roughly 1.615 million, and then when you divide it by the

4    1378, it comes out to roughly 1,173 per --

5          THE COURT:  So everyone is going to get a thousand

6    dollars?

7          MR. COOPER:  Over.

8          THE COURT:  And does it matter what their damages

9    are?

10          MR. COOPER:  There's nothing individual for this.

11    This is for all the class members that elected to receive the

12    claims benefit.

13          Approximately 70 percent of the people that submitted

14    claims also elected to get the data monitoring service which is

15    being paid for by the defendants.  So that's about 973.

16          THE COURT:  What about this other million dollars?

17    That's for out-of-pocket?  The people hire the law firm or

18    another data monitoring firm or something along those lines?

19          MR. COOPER:  That's right.  If they had direct losses

20    attributable to the data breach, so if it was temporally

21    connected, they submitted documentation more than just a, I

22    spent five dollars, but they actually have receipts, that money

23    would be reimbursed up to 7,500 by the defendant in a separate

24    claims-made bucket.

25          We are not near the million dollar mark on there for

1    the current amount and it's still being vetted by the claims

2    administrator.  So the total amount hasn't necessarily been

3    completed in terms of what that will be paid for by the

4    defendant, but currently, we have about $180,000 in claims.

5            THE COURT:  Okay.  Where does the balance of that go?

6            MR. COOPER:  It was never set aside for anyone so it

7    just stays with the defendant.

8            THE COURT:  Okay.  Okay.  Well, I think that -- I was

9    curious about it.  I know you said in the papers that if

10   everyone in the class participated, the check would be like

11   $7.50.  So it's very impressive that everyone is getting such a

12   large amount of money, plus with data monitoring and also with

13   the out-of-pocket bucket of a million dollars.

14           So I think this is a very fair settlement, and I'm

15   easily prepared -- now that we have all the data, and now that

16   we have everyone here, I'm prepared to approve it.

17           What about the objectors?  There's how many

18   objectors?

19           MR. COOPER:  Your Honor, there are zero objectors.

20   There are four people that requested an exclusion, which are

21   listed on the proposed order we submitted on the 25th.  So

22   they're just four individuals --

23           THE COURT:  And the defendants are okay with those

24   four exclusions; is that right?

25           MR. FISH:  Yes, your Honor.  In fact, we had, a

```
1   separate agreement about the number of opt-outs which I believe

2   the preliminary approval motion made that available to the

3   Court but didn't file it necessarily because, obviously, we

4   don't want to encourage a large number of exclusions to impede

5   on the settlement, but the four exclusions do not come to the

6   number that the defendants had to --

7           THE COURT:  Pull out of the settlement, right.

8           MR. FISH:  -- to terminate the settlement, yes.  And

9   I don't -- four exclusions, I don't think they would anyway.

10          THE COURT:  Do they know they would have gotten close

11  to $1,000 or more so if they had --

12          MR. COOPER:  No, your Honor.  They don't know that's

13  what they are requesting exclusion from.

14          THE COURT:  Okay.  Well, this is, as I've said, a

15  very easy one for me to approve.  It seems like a very generous

16  fair settlement.

17          For the reasons that I stated earlier, I'm satisfied,

18  that a couple of things:  One, that it's just -- it's just a

19  very fair settlement.  You look at what the class members are

20  getting compared to what the attorney fees are, it's not even

21  close.  It just hits all the Girsh factors as set forth in the

22  brief and will be reiterated in the order that I sign that

23  there's been -- first of all, everyone's been notified.  Rarely

24  do you get this amount of notifications, close to a hundred

25  percent, and that those who participated are getting a very
```

1  generous sum for damages, since some of them may just even have

2  minor damages and they're getting a very generous sum, and if

3  they have more quantifiable damages they can -- such as any

4  out-of-pocket costs, they can be compensated above and beyond

5  the thousand dollars that they are receiving.

6          You know, all the Girsh factors militate in favor of

7  approving the settlement.  It was conducted, it should be

8  noted, by a former colleague, a friend of this court, Judge

9  Hochberg, who is an excellent mediator and got involved after

10 this case had gone through a couple of rounds of briefing on

11 motions to dismiss as well as some full and fulsome discovery

12 and she was able to bring this aspect of the case to closure.

13         MR. COOPER:  Your Honor.

14         THE COURT:  Yes.

15         MR. COOPER:  Just one point of clarification there.

16 I apologize.  It was before Judge Hochberg, and then we

17 actually settled it with Judge Welsh.  We had to go for a

18 second mediation.

19         THE COURT:  Another great friend of the Court, a

20 magistrate judge from Philadelphia.  So the fact that you had

21 two judges even -- former federal judges just really shows that

22 it was really a group effort to get this settlement on the

23 record.

24         Of course, there's always risk of liability and

25 damages, particularly in cases like this where damages can be

1  difficult to ascertain.  The settlement -- the people getting

2  the settlement, they had their data breached but they have no

3  hard damages stemming from that breech, correct?

4          MR. COOPER:  Your Honor, if they had hard damages

5  they would be able to get out-of-pocket costs associated with

6  those.

7          THE COURT:  So just as being victims of the data

8  breach, they were each getting a thousand dollars which is more

9  than enough to satisfy them for that inconvenience.  It's

10 greater than a lot of data breach settlements in this country

11 and certainly within this district.  That favor militates in

12 favor of settlement.

13         The proposed method is sound.  If you returned the

14 form, you got the settlement.  And the settlement, as I said

15 many times now, is more than reasonable.

16         And I'm also satisfied that, notably 215,000 people,

17 I think is the number, were notified and no one objected.

18 There's no objectors.  There's three or four excluders, and

19 that's also a favor that militates in favor of settlement.

20         I'm satisfied that the attorney's fee is fair and

21 reasonable.

22         There's a lodestar check and, you know, counsel,

23 there's two different firms who are very highly skilled and

24 knowledgeable in this area and their lodestar combined is $2.4

25 million and they will be getting compensated for the amount of

1   825,000.

2          Is the lodestar that you calculated related just to

3   this aspect or for the entire case?

4          MR. COOPER:  Your Honor, the lodestar calculation is

5   across all the firms that were involved including other members

6   of the plaintiff's counsel for the entire case.

7          THE COURT:  For the entire case.

8          So, you know, I look at the lodestar a little bit

9   different way.  There's ongoing litigation, there's other

10  defendants.  So it's hard to parse out how much of the attorney

11  fee should be attributed to any of the defendants.  But another

12  way of looking at it is if this was the only defendant, they

13  would have to incur the same amount of fees.  And in light of

14  that, the 825,000, which is a third of what the fees are, seem

15  fair and reasonable to me, particularly, you know, when viewed

16  against the award given to each of the plaintiffs.

17         Expenses seem fair and reasonable.  I'll approve

18  those as does the amounts for the class representatives, right?

19         So I'm prepared to sign both -- there's only one

20  order or there are two orders?

21         MR. COOPER:  There's one combined order, your Honor.

22         THE COURT:  Anything else that I haven't mentioned

23  that you'd like to the bring to the Court's attention?

24         MR. COOPER:  I think you covered it all, your Honor.

25  Thank you very much.

United States District Court
Newark, New Jersey

```
 1              THE COURT:  Thank you, guys.  I'll sign the order
 2    right now.  Today's date is October 2nd.
 3              Let me see if there's anything else.
 4              I know there's a couple of different orders sent to
 5    me in different forms.  I'm going to sign the order that grants
 6    final approval of the settlement and also grants the attorney's
 7    fees, and that's the order connected to the September 25th
 8    letter order to me.
 9              MR. COOPER:  That's correct, your Honor.
10              MR. FISH:  That's the most recent.
11              THE COURT:  All right.  Thank you, guys.
12              We're adjourned.
13              MR. COOPER:  Thank you, your Honor.
14              MR. FISH:  Thank you, your Honor.
15              THE COURT:  It will be on the docket today.  Thank
16    you.
17              COURTROOM DEPUTY:  All rise.
18                   (Time noted: 3:37 p.m.)
19    ------------------------------------------------
20         I certify that the foregoing is a correct transcript
21    from the record of proceedings in the above-entitled matter.
22
23
24    /S/Diane DiTizii, CCR, CRR, RMR, RDR          10/23/2024
25    Federal Official Court Reporter                 Date
```

United States District Court
Newark, New Jersey